UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAY AREA SURGICAL MANAGEMENT LLC., <br><br> Plaintiff, <br> v. <br><br> UNITED HEALTHCARE INSURANCE COMPANY, ET AL., <br><br> Defendants. | Case No. 5:13-CV-02512-EJD <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** <br><br> [Re: Docket No. 7] |

Presently before the Court is Plaintiff Bay Area Surgical Management's ("BASM") motion to remand this case to Santa Clara County Superior Court, where it was filed. See Docket Item No. 7. Having reviewed all the parties' submissions, the Court has determined that the matter is appropriate for decision without oral argument pursuant to Civil L.R. 7-1(b).

BASM is an ambulatory management group that provides healthcare management services. Defendant United Healthcare Insurance Company ("United") is an insurance provider. The claims stem from an April 20, 2011 telephone conversation between a BASM employee and a United employee, during which United allegedly authorized and orally agreed to compensate BASM for 70% of the approved surgical procedures to be performed by BASM on a patient (the "patient") insured by United. See Second Amended Complaint ("SAC"), Docket Item No. 2-4 ¶ 17-18. After BASM verified authorization and compensation for the surgery, Dr. Cameran Nezhat performed

1

Case No. 5:13-CV-02512-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

the patient's surgery. Id. ¶ 19.  BASM alleges that despite its numerous attempts to obtain payment from United, United paid only $9,216.61 or approximately 8% of the billed amount of $129,681. Id. ¶¶ 5, 23-25, 30. BASM asserts that United owes $81,560.51 under the oral contract, but BASM seeks only $74,500. Id. ¶ 30.

On February 10, 2012, BASM filed this action in the Superior Court of the State of California, County of Santa Clara, against United.  BASM asserted five causes of action for (1) breach of contract, (2) violation of California Business & Professions Code § 17200 et seq., (3) negligent misrepresentation, (4) promissory estoppel, and (5) equitable estoppel.  See Complaint, Docket Item No. 2-1, 11.  On March 21, 2012, United removed this action to federal court on the basis of federal question jurisdiction, asserting that BASM's claims were completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 101 et seq.  On May 4, 2012, BASM filed a first amended complaint ("FAC") which, inter alia, removed any reference to the assignment of benefits that BASM obtained from the patient to eliminate any cause of action arising under federal law.  On May 21, 2012, United filed a motion to dismiss.  On June 15, 2012, BASM filed a motion to remand the case to state court on the basis that the federal court lacks subject matter jurisdiction.  On August 6, 2012, the Northern District of California entered an order granting BASM's motion to remand, finding that "the existing state law claims are not subject to ERISA preemption."  See Case No. 3:12-CV-01421-SI, Docket Item No. 25.  BASM then filed a second amended complaint ("SAC") in the Superior Court on May 14, 2013 in which it asserted six causes of action for (1) breach of contract, (2) violation of California Business & Professions Code § 17200 et seq., (3) negligent misrepresentation, (4) promissory estoppel, (5) equitable estoppel, and (6) quantum meruit.  See Dkt. No. 2-4.  United again removed the case to federal court on June 4, 2013, based on federal question jurisdiction, asserting that BASM's quantum meruit claim is preempted by ERISA.  See Notice of Remand, Docket Item No. 1.  On July 3, 2013, BASM filed this present motion to remand the case on the basis that this Court lacks subject matter jurisdiction.

Removal jurisdiction is a creation of statute.  See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress.").  When a case "of which the district courts of the

2
Case No. 5:13-CV-02512-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1    United States have original jurisdiction" is initially brought in state court, the defendant may
2    remove it to federal court. 28 U.S.C. § 1441(a). There are two bases for federal subject matter
3    jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction
4    under 28 U.S.C. § 1332.

5    Upon a defendant's removal of a case to federal court, "[i]f at any time before final
6    judgment it appears that the district court lacks subject matter jurisdiction, the case shall be
7    remanded." 28 U.S.C. § 1447(c). If the district court has subject matter jurisdiction, the court
8    "shall have supplemental jurisdiction over all other claims that . . . form part of the same case or
9    controversy." 28 U.S.C. § 1367(a). However, if the court chooses, it may in its discretion "remand
10   all matters in which State law predominates." 28 U.S.C. § 1441(c). Moreover, a district court has
11   the discretion to remand a properly removed case to state court when no federal claim remains,
12   "upon a proper determination that retaining jurisdiction over the case would be inappropriate."
13   Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988); Harrell v. 20th Century Ins. Co.,
14   934 F.2d 203, 205 (9th Cir. 2001). In deciding whether to remand, courts should "consider and
15   weigh . . . the values of judicial economy, convenience, fairness, and comity[.]" Carnegie-Mellon,
16   484 U.S. at 350. The Supreme Court in Carnegie-Mellon noted that a district court has "a powerful
17   reason to choose not to continue to exercise jurisdiction" when all federal claims have been
18   eliminated at an early stage of the litigation. Id. at 350-51.

19   United removed BASM's state court action to federal court based on federal question
20   jurisdiction. BASM moves to remand on the grounds of lack of subject matter jurisdiction. The
21   only new cause of action presented in BASM's SAC is a claim for quantum meruit. All other
22   causes of action were already ruled upon in Judge Illston's order of August 6, 2012, which
23   determined that the other five claims were not subject to ERISA preemption, so that the only
24   question here is whether BASM's quantum meruit claim is subject to ERISA preemption. Judge
25   Illston found that removal of the original complaint was proper because it included state law claims
26   preempted by ERISA, but that in light of the FAC, the existing state law claims were not subject to
27   ERISA preemption because they arose from the alleged oral contract between BASM and United,
28   rather than the patient's assignment of ERISA rights to BASM. The court declined to exercise

3
Case No. 5:13-CV-02512-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

United States District Court
For the Northern District of California

supplemental jurisdiction over the remaining state court claims because the federal claims were eliminated at the pleading phase.

Under the Supreme Court's decision in Aetna Health Inc. v. Davila, a state claim is completely preempted under ERISA if (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions." Marin General Hospital v. Modesto & Empire Traction Co., 581 F.3d 941, 946 (9th Cir. 2009) (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004)).

Relying on the Ninth Circuit's decision in Marin General Hospital v. Modesto, the Court finds that ERISA does not preempt Plaintiff's quantum meruit claim. Marin, 581 F.3d 941. In Marin, the Ninth Circuit considered similar circumstances whereby Marin General Hospital called a health insurance administrator to confirm that a prospective patient had health insurance through an ERISA plan provided by his employer. The administrator orally verified the patient's coverage, authorized treatment, and agreed to cover 90% of expenses. The hospital performed the surgery, but was underpaid by the health insurance plan. The hospital filed a claim in state court for breach of implied contract, breach of an oral contract, negligent misrepresentation, quantum meruit, and estoppel. Defendants removed to federal court based on ERISA preemption. The Ninth Circuit ruled that the case should have been remanded because the state law claims did not meet either prong of the Davila test for ERISA preemption.

Under the first prong, the court reasoned that the hospital's claims arose from its phone conversation with the administrator, not the rights assigned to the patient through the plan. The hospital had already been paid part of the patient's charges in its capacity as an assignee of the patient's rights under his ERISA plan. Now, the hospital was seeking additional payment arising from the agreement made over the phone. The hospital did not contend that it was owed this amount because it was owed under the patient's ERISA plan. Instead, it contended that the additional amount was owed based on the alleged oral contract with the administrator. Thus, the hospital's state law claims could not have been brought under § 502(a)(1)(B).

4
Case No. 5:13-CV-02512-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

1  The second prong was also not met as the hospital's claims were based on independent legal duties. The hospital based its state-law claims on an independent oral agreement with the health insurance administrator, not denial of coverage under the terms of an ERISA plan. Because the state law claims were not based on an obligation under an ERISA plan, and since they would exist whether or not an ERISA plan existed, the court determined they were based on "other independent legal dut[ies]" as envisioned by the Davila test. Marin, 581 F.3d at 950. Therefore, the Ninth Circuit held that the hospital's state law claims, including the quantum meruit claim, were not completely preempted by ERISA and there was no federal question removal jurisdiction.

Notwithstanding decisions by other circuit courts and district courts relied upon by United, this Court is bound by the decisions of the Ninth Circuit. BASM, like the plaintiff in Marin, bases its state law claims on an alleged oral promise made by United, rather than the patient's ERISA plan. BASM is seeking an additional payment amount above what United already paid under the scope of the ERISA plan, based on a quasi-contract beyond the scope of the plan. This Court finds that the claims are not completely preempted by ERISA § 502(a)(1)(B) as they do not meet the Davila two-prong test. As such, there is no federal question removal jurisdiction under 28 U.S.C. § 4441(a).

Based on the foregoing, Plaintiff's Motion to Remand is GRANTED. The clerk shall remand this action to Santa Clara County Superior Court and close this file.

**IT IS SO ORDERED**

Dated: Dec. 16, 2013

EDWARD J. DAVILA
United States District Judge